# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEAN LOGAN**<br>*an adult individual*,<br>        **Plaintiff,**<br><br>        v<br><br>**SYSCO FOOD SERVICES OF PITTSBURGH, LLC and PAMELA ANDRISON**<br>*individually and as representative of Atria Senior Living Group*,<br>        **Defendants.** | 2:10-cv-1202 |

## MEMORANDUM OPINION AND ORDER

On September 13, 2010, Defendant Sysco Food Services of Pittsburgh, LLC ("Sysco") filed a Notice of Removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania. The court has a duty to inquire, sua sponte, into its subject matter jurisdiction whether removal is challenged or not. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir.2008). Upon review of the Notice of Removal and attachments, the Court concludes that removal is not proper in this instance, and therefore, the Court lacks jurisdiction over this case.

Factual and Procedural Background

Plaintiff Logan commenced this action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania in November 2009. The original Complaint was filed on February 22, 2010 – over six months ago. The Common Pleas court docket reflects that substantial litigation occurred in the state court, including an Answer and New Matter filed by Sysco and a Court Order dated July 12, 2010 which resolved preliminary objections filed by co-Defendant Pamela Andrison. On August 23, 2010, Plaintiff filed an

Amended Complaint, which asserts four causes of action: (1) tortious interference with business relations; (2) breach of contract; (3) defamation against Andrison; and (4) defamation against Sysco. Sysco's Notice of Removal was filed on September 13, 2010.

Legal Analysis

In *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), the Court of Appeals explained: "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Further, the burden is on the removing party to demonstrate that jurisdiction is proper in this court. Sysco contends that this Court has "federal question" jurisdiction over Counts 1 and 2 of the Amended Complaint on the theory that even though the counts purport to assert state law claims, they actually arise under the National Labor Relations Act (NLRA), 29 U.S.C. § 185. Section 185(a) states:

> Suits for violation of contracts **between an employer and a labor organization** representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(Emphasis added). As set forth in the Complaint, Logan is a union member truck driver who was formerly employed by Sysco and there is a collective bargaining agreement between Sysco and Local 23 of the United Food & Commercial Workers Union.[1] Sysco requests the Court to exercise supplemental jurisdiction over the remaining state law claims.

---

[1] The Court need not reach the issue of whether § 185 provides jurisdiction for a lawsuit such as this one, which involves an employee (Logan), his former employer (Sysco), a customer of the employer (Atria Senior Living) and an individual representative of that customer (Andrison), as opposed to a lawsuit "between an employer and a labor organization."

Sysco argues that removal is timely because, although the original Complaint did not identify the claim being asserted, "a fair reading indicates that the claim is one sounding in tort." The Court does not agree. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed **within 30 days** of receipt by the Defendant of a pleading "from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added).

The Court recognizes that the label "breach of contract" was not expressed by Plaintiff in his original Complaint. Nevertheless, it is abundantly clear from the allegations of the original Complaint that Logan was challenging his termination as a truck driver in alleged violation of the contract between Sysco and United Food & Commercial Workers Union. *See, e.g.,* Original Complaint ¶ 6 ("Pursuant to the terms of a Contract entered into between the UFCW and Defendant Sysco, Plaintiff could only be terminated from his employment with Defendant Sysco for cause.") Thus, the basis which Sysco now cites for removal jurisdiction (i.e., the alleged violation of a collective bargaining agreement) was ascertainable from a fair reading of the original Complaint in February 2010. The attempt to remove the case now, some six months later, is untimely.

Conclusion

Because removal was not proper under the facts and circumstances of this matter, this Court lacks jurisdiction over this case. Accordingly, this case will be REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEAN LOGAN**<br>*an adult individual*,<br>        **Plaintiff,**<br><br>v<br><br>**SYSCO FOOD SERVICES OF PITTSBURGH, LLC and PAMELA ANDRISON**<br>*individually and as representative of Atria Senior Living Group*,<br>        **Defendants.** | )<br>)<br>)<br>) 2:10-cv-1202<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW this 17th day of September, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that this action is **REMANDED** to the Court of Common Pleas of Allegheny County, Pennsylvania, forthwith. The clerk shall docket this case closed.

                                                              BY THE COURT:

                                                              s/Terrence F. McVerry
                                                              United States District Judge

cc:     **John R. Orie , Jr., Esquire**
           Email: law@oriezivic.com

           **John H. Riordan , Jr., Esquire**
           Email: john.riordan@ogletreedeakins.com